On July 4, 1998, the Newark Police Department received a 911 call from Eric Suber reporting that appellant, Titus Godbolt, was threatening people with a gun. Several officers responded to the call. Upon his arrival, Officer Doug Bline observed appellant in a vehicle. Officer Bline approached the vehicle which accelerated rapidly in his direction. Officer Bline jumped from the vehicle's path but was struck on the arm. Officer Bline received minor injuries.
Appellant drove from the scene and a chase ensued. During the pursuit, a firearm and a baggie were dropped from the vehicle. Thereafter, appellant was caught and apprehended. A passenger was in the vehicle by the name of Brenda Mitchell.
On July 9, 1998, the Licking County Grand Jury indicted appellant on one count of felonious assault on a peace officer in violation of R.C. 2903.11(A)(2), one count of intimidation of a witness in violation of R.C. 2921.04, one count of felony fleeing in violation of R.C. 2921.331, one count of having weapons under disability in violation of R.C. 2923.13(A)(2) and/or (3), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). All but the weapons under disability count carried a firearm specification. Prior to trial, the intimidation of a witness count was dismissed.
A jury trial on the remaining counts commenced on September 30, 1998. The jury found appellant guilty as charged. By amended judgment entry filed October 6, 1998, the trial court sentenced appellant to an aggregate sentence of ten years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING THE STATE OF OHIO TO INTRODUCE THE HEARSAY STATEMENTS OF ERIC SUBER, OVER DEFENSE OBJECTION, AS A PRESENT SENSE IMPRESSION.
II
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN REFUSING TO ALLOW THE DEFENDANT-APPELLANT TO INTRODUCE THE HEARSAY STATEMENT OF BRENDA MITCHELL AS A STATEMENT AGAINST INTEREST BY AN UNAVAILABLE DECLARANT.
III
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING THE STATE OF OHIO TO DESCRIBE THE DEFENDANT-APPELLANT'S PRIOR CONVICTIONS AS A 'DRUG OFFENSE' AND AN 'OFFENSE OF VIOLENCE.'
 I, II
Appellant claims the trial court erred in permitting Mr. Suber's 911 statements and in denying Ms. Mitchell's statements. We disagree.
The admission or exclusion of evidence rests within the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 MR. SUBER'S STATEMENTS
Mr. Suber's statements were introduced via the 911 call made to the police department. Appellant argues the 911 call was hearsay and therefore inadmissible. Evid.R. 802. Hearsay is defined in Evid.R. 801(C) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The trial court ruled the 911 call admissible under Evid.R. 803(1):
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 (1) Present sense impression A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness.
The transcript of this call is attached as an exhibit to appellee's brief and reads in pertinent part as follows:
DISPATCH: Newark Police
 CALLER: Yeah, we got a man with a gun at 69 Wilson Street — Titus Godbolt
* * *
DISPATCH: What's he doing?
CALLER: He's out here harassing a young girl
* * *
DISPATCH: He's still out there, right?
 CALLER: He's still out there. We're trying to get the license plate number now.
 CALLER: (To bystander) Get the license plate number. Go get the license plate number mother . . . go get the license plate number.
DISPATCH: What kind of car is it Eric?
CALLER: A Ford Taurus, a four door
DISPATCH: What color?
CALLER: Green, like turquoise green
DISPATCH: He is still there, right?
 CALLER: Yeah he is. He's trying to get up and leave right now. He's leaving right now.
DISPATCH: Which way is he going?
 CALLER: He's going, um, towards Goodwill on Wilson Street
DISPATCH: Going east?
 CALLER: Yeah, he's still on Wilson Street, still out front
Appellant argues the statements about the license plate number imply Mr. Suber was not "perceiving the event or condition" therefore, the 911 call did not qualify as a present sense impression under Evid.R. 803(1). We disagree with this interpretation. It is obvious from the tape Mr. Suber related the events as they actually unfolded. Mr. Suber described appellant's vehicle, the make and color, and the vehicle's direction of travel as appellant pulled away. We find these observations met the requirements of a present sense impression under Evid.R. 803(1). The trial court did not abuse its discretion in admitting the 911 tape.
 MS. MITCHELL'S STATEMENTS
Appellant sought to introduce the statements of Ms. Mitchell wherein she stated via a telephone conversation to defense counsel and an associate that she was the one who threw the firearm out of the vehicle and at no time did appellant possess the firearm. Defense counsel sought to admit the statements through the testimony of the associate. This issue was discussed on the morning of trial. Defense counsel argued as follows:
 MR. SANDERSON: Over the telephone, correct. I apologize. At that time, Ms. Mitchell made certain statements which were — notes were taken of them. An associate of mine, Mr. David Stansbury, was present in my office at the time. The conversation was held with her on a speaker phone. She made incriminating statements against herself while making exculpatory statements against my client, Mr. Godbolt.
 We would ask that Mr. Stansbury be permitted to testify as to the content of that conversation, the specifications of that conversation under Evidence Rule 804, I want to say, (B)(5), a statement against interest with a witness under warrant.
T. at 58.
The trial court ruled any testimony concerning Ms. Mitchell's statements by the associate who overheard her statements would not be permitted (T. at 61):
 THE COURT: Mr. Sanderson, I will not disagree with you that it carries some weight. I, however, find that the relatively untrustworthiness of that statement, the indicia of reliability is such that I have severe qualms about allowing that type of testimony in. The facts under which the statement was given to you, I believe presents a case to me that is fraught with danger with regard to allowing that to — that type of testimony to come in without the defendant appearing herself.
 The Court finds that the — we will call it a motion in limine, I guess, at this point in time, is not well-taken. The Court denies the same.
Defense counsel then proffered the following:
 MR. SANDERSON: Based on the conversation that I had yesterday afternoon with Ms. Mitchell, it is our position, or our belief that she would provide testimony either directly or through the hearsay exception presented by Mr. Stansbury that it was her who took the gun and threw it out the window.
 That she removed the gun from the glove compartment of the vehicle where she knew that it had been stored, removed it during the course of the pursuit or chase or following while she was laying down on the front seat of the vehicle leaning across Mr. Godbolt and dropped the gun out the window of the car while it continued down the road.
 She further told us yesterday that Mr. Godbolt did not ask her to remove the gun from the vehicle and, to her knowledge, did not know the gun was in the vehicle. That it was her initiative, her actions that removed the gun and took it out the window of the car.
 At no time did she see Mr. Godbolt in possession of the gun, handling the gun or throwing the gun out of the vehicle.
T. at 63-64.
Appellant had subpoenaed Ms. Mitchell to testify regarding these statements but when called to testify, Ms. Mitchell exercised her Fifth Amendment rights. T. at 232.[1] Appellant argues the statements were admissible under Evid.R. 804(B)(3):
 (B) Hearsay exceptions The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 (3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
Clearly Ms. Mitchell's refusal to testify rendered her unavailable to testify. However, given the fact Ms. Mitchell, a co-defendant, made the statements the day before trial over the telephone at the request of appellant's brother (T. at 59-60), we cannot say the trial court abused its discretion or erred in finding there was not sufficient indicia of trustworthiness to allow the statements.
Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in permitting the prosecution to describe appellant's prior convictions as a "drug offense" and an "offense of violence" in relation to the weapons under disability charge. Specifically, appellant claims the trial court erred in refusing to require the prosecution to accept a proffered stipulation that appellant was simply "under a disability." Appellant claims the trial court's ruling violated the United States Supreme Court decision in Old Chiefv. United States (1997), 519 U.S. 172. We disagree.
In Old Chief, the prosecution refused to accept the defendant's stipulation that he had been convicted in court of "a crime punishable by imprisonment for a term exceeding one year" in regard to the charge of possession of a firearm with a prior felony conviction [18 U.S.C. § 922(g)(1)]. The wording of the proposed stipulation was taken from said statute. The court at 191-192 found in light of the stipulation, the prosecution's presentation of the actual crimes was relevant but created an undue prejudice to the defendant under Evid.R. 403:
 For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available. What we have said shows why this will be the general rule when proof of convict status is at issue, just as the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried. (Footnote omitted.)
We find Old Chief to be distinguishable from the facts in this case. First, in the case sub judice, the prosecution did not present evidence of appellant's prior crimes. Second, the trial court fashioned a stipulation different than the stipulation proposed by appellant. Appellant's proposed stipulation was "that Mr. Godbolt was under a disability, either pursuant to either section of the code. But that he was under a disability without the name and/or nature of the offense being presented to the jury." T. at 56. The trial court's stipulation that was read to the jury was "[y]ou are advised that the defendant, Mr. Godbolt, has a previous felony crime of violence conviction and you are also advised that the defendant has a previous drug-related offense conviction." T. at 226. Defense counsel did not object to this stipulation.
We note the trial court's stipulation mirrored Ohio's disability statutes, R.C. 2923.13(A)(2) and (3), which state as follows:
 (A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
 (3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
Both of these sections were applicable to appellant. Upon review, we find the trial court's stipulation to the jury mirrors the Ohio statutes and is not in conflict with the United States Supreme Court decision in Old Chief but in fact is strictly parallel to the approved dicta therein.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
-------------------------
-------------------------
 ------------------------- JUDGES
[1] We note at this time, defense counsel did not reattempt to introduce Ms. Mitchell's statements via Mr. Stansbury's testimony.